## WHITEHURST vs. HICKEY & AL.

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court. This is a suit brought against the curator of the estate of the late F. Amelung, who was sheriff of the parish of East Baton-Rouge, and against the sureties of the latter as sheriff aforesaid.

The petitioner claims remuneration for the loss and damage occasioned by the negligence and misconduct of the sheriff in the execution of judicial process, wherein the interest of the former was concerned. Judgment was ren-

The absence of the reasons on which a judgment is grounded, is only a relative nullity.

A parish judge's certificate that a sheriff's bond has been executed, with the concurrence of the justices, is evidence that the sureties were approved by them.

The sureties are bound by it, although it be not recorded.

WHITEHURST
*vs.*
HICKEY & AL.

dered in the court below against the curator and in favor of the sureties, from which latter part of said judgment the plaintiff appealed.

The case has been held longer than usual under advisement by the court, in consequence of believing that it involved a very important question in relation to the jurisdiction of the district and probate courts of the state. The circumstance which led to this belief, is the appearance of a bill of exceptions on the part of the curator to the judgment rendered after the verdict of a jury to which the case had been submitted, on the ground of incompetence in the court.

This is in truth an exception to a final judgment which (as has been repeatedly decided,) cannot regularly be taken. In examining the record more minutely, we discover that the curator is no party to this appeal, either as appellant or appellee, and therefore no notice can be taken of his interest in the cause. It is to be considered only in relation to the sureties who are the appellees. In their answer to the petition, after pleading the general issue, they further allege that the sheriff's bond relied on by the plaintiff is illegal and void.

The case comes regularly before this court

East'n. District.
*May* 1825.

WHITEHURST
*vs.*
HICKEY & AL.

on several bills of exceptions taken to the opinions of the judge *a quo* given in the course of the trial below. 1st. That by which he permitted the record of the suit carried on to judgment and issuing of execution, wherein the sheriff is charged with negligence and misconduct, to be given in evidence to the jury. 2d, To that by which he rejected the copy of a bond, proven to have been subscribed by the defendants, as sureties for the sheriff. 3d, To the opinion whereby he refused parol evidence to prove that the parish judge did assemble the justices as required by law to approve the security offered by said sheriff.

As to the first of these exceptions we are of opinion that the judge did not err, in admitting the record in evidence. The ground on which its admissibility was opposed; is alleged nullity in the judgment on account of no reasons being adduced in its support. Admitting that such nullity exists, it is only relative, and cannot be taken advantage of by the present defendants.

The opinion of the judge, as represented in the second bill of exceptions, we believe to be erroneous.

The truth and correctness of the copy of the

East'n. District.
*May* 1825.

Whitehurst
*vs.*
Hickey & al.

bond offered in evidence, the real existence of the original at a former period, and its loss without fault of the plaintiff or by a fortuitous event, were amply proven on the trial of the cause in the court below, as shewn by the record; and the judge seems, not have rejected the evidence on account of any defect of proof in relation to the copy, but under an impression that the original itself was void and invalid, in consequence of defects in its execution. In testing this opinion, we are therefore compelled to enter into a discussion of the law which requires sheriffs to give bonds, and points out the manner in which they ought to be executed. The act of 1813, requires every sheriff in the state to give two bonds, one for the faithful discharge of his ministerial functions in the execution of judicial process, the other for collection of taxes. Both are ordered to be recorded in the offices of the clerks of the parish courts. 1 *Mart. Dig*, 696.

The bond now under consideration is alleged to have no binding force on the persons who have subscribed as sureties, as being defective in its execution, and void because not recorded, &c. The act above cited directs how sheriff's

bonds are to be executed, and the security of- <span>East'n District.<br>*May* 1825.</span>
fered approved. *Id.* 698, *art.* 3.

<span>WHITEHURST<br>*vs.*<br>HICKEY & AL.</span>

The parish judge is bound to convene a court (as it is termed) to consist of himself and a majority of the justices of the peace of the parish, who are required to judge of the sufficiency of the sureties offered and to approve or reject, as in their opinion propriety and the general interest may dictate. This court is not by the law compelled to reduce to writing, or to make out any process verbal, of their proceedings. The justices of the peace appear to be called in aid of the parish judge, to assist in judging of the sufficiency or insufficiency of the security to be offered by the sheriff; but are not required to sign the bond if accepted by the court. A bond shown to have been rejected, would not be binding on the subscribers: the want of the justices' names to the instrument, is however, no evidence that the sureties have been adjudged insufficient and the bond rejected. A certificate of the parish judge, showing that bonds thus taken, have been executed with the concurrence of the justices of the peace, ought to be good evidence of approval of the sureties, and consequent validity of their obligations. The copy, offered

in evidence in the present case, purporting the original was signed, sealed and delivered, in the presence of the parish judge and justices of the peace, who approved the security given by the sheriff is sufficient, having the signature of the judge.

We are therefore of opinion that it is good and valid according to the strictest forms of law. It now only remains to consider whether this validity is affected by the want of recording, in relation to the obligors. All the solemties required in the execution and recording of these bonds are instituted solely for the benefit of the obligees (viz.) the public. A failure to comply with them may lessen public security, but certainly ought not to be so construed, as to exonerate sureties from obligations voluntarily contracted. It has been already decided by this court that promissors must remain bound in the manner which they may have thought fit to bind themselves, if the contract be not illegal.

In relation to the last bill of exceptions; we are inclined to think that oral testimony might have been properly received in corroboration of the fact declared by the parish judge in executing the bond, that the justices of the peace present, approved that which was done.

East'n. District.
*May* 1825.

WHITEHURST
*vs.*
HICKEY & AL.

But if the solemn declaration of the judge, in the instrument itself, be sufficient to establish its legal execution, additional testimony would be useless.

According to this view of the case the judgment of the district court must be reversed, and as the cause was tried before a jury, and legal testimony rejected, it appears to this court to be most consistent with its uniform practice to send it back for a new trial.

It is therefore ordered, adjudged and decred, that the judgment of the district court, so far as it relates to the appellees, be avoided, reversed and annulled, and that the cause be remanded to the said court, to be tried *de novo* between the parties to this appeal with instruction to admit in evidence the copy of the bond, &c.; and it is further ordered, that said appellees pay the costs of appeal.

*Watts and Lobdel* for the plaintiff, *Duncan* for the defendants.